HENRY SHAFER v. THE NATIONAL CASH REGISTER CO.

(Filed September 7, 1905.)

PROMISSORY NOTE—Registration—Acknowledgment—Notice. A promissory note or instrument in writing evidencing the conditional sale of personal property, when executed in the manner such instruments are authorized to be executed, is entitled to be deposited and filed with the register of deeds, and need not be witnessed or acknowledged to entitle it to registration and to make it constructive notice when so filed.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before F. E. Gillette, Trial Judge.*

*Parmenter & Myers,* for plaintiff in error.

*Sims & Wolverton,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The National Cash Register Company sold to A. Moseby, at Walter, Oklahoma, one of its National

cash registers, and delivered such machine to him on May 9, 1903. On the same day Moseby entered into a written agreement with the company whereby he agreed to purchase the register for the sum of two hundred dollars, to be paid, $40.00 on delivery and the remainder in installments of $25.00 per month until the entire purchase price is paid. This contract among other provisions contains the following:

"It is agreed that the title to the said cash register shall not pass until the purchase price or any judgment for the same is paid in full, and shall remain your property until that time. It is expressly agreed that this order shall not be countermanded."

The original agreement containing the above provision was by the National Cash Register Co. deposited and filed in the office of the register of deeds in Comanche county, Oklahoma, and was registered and indexed on June 10, 1903, in book one, chattel mortgage record, Comanche county, at page 166. Moseby paid the first installment of $40.00 on the purchase price, and never paid the company any other sum or sums upon said contract. Before the initiation of this suit the National Cash Register Co. demanded of Moseby the possession of the register, but he refused to deliver possession. The register is conceded to be worth $200.00.

On August 21, 1903, Henry Shafer, the plaintiff in error in this case, recovered a judgment against Alice Moseby and J. E. Moseby for the sum of $174.00, with interest at the rate of ten per cent per annum and for costs. Execution was issued upon said judgment and levied upon the register in controversy which was subsequently sold at sheriff's sale under said execution, and was purchased at said sale by Shafer. It is admitted that at the time of the purchase by Shafer at

sheriff's sale, he had no actual notice of the contract or agreement with the National Cash Register Company, or of its rights thereunder, and only such constructive notice as the law will imply from the instrument on file in the office of the register of deeds. It is also agreed that the Alice Moseby who is a defendant in the Shafer judgment and execution, is the A. Moseby who entered into the agreement with the National Cash Register Company for its machine, and who had the possession of the register in question at the time Shafer had his execution levied upon it. The National Cash Register Company brought its action in the district court of Comanche county against Henry Shafer to recover the sum of $200.00 for the alleged conversion of said register. Shafer answered in two counts, the first a general denial. In the second he set up the procuring of his judgment against Moseby, the levy of his execution on the register, and sale by the sheriff, and his purchase of the same. The case was submitted to the court upon an agreed statement of facts, which was substantially as set forth in the foregoing recital. The court found for the plaintiff and assessed its damages at the sum of $160.00, the value of the register at the time of the conversion by Shafer, and judgment was rendered accordingly. From this judgment Shafer brings the cause here by petition in error.

The only question presented by counsel in their briefs is, whether or not the instrument executed by Moseby to the National Cash Register Company was such an instrument as was entitled to be filed and registered, and would impart constructive notice to Shafer as a creditor of Moseby of the interest of the National Cash Register Company in the property. We have been cited no authorities which throw any

light upon the question presented, and we are left to the usual and ordinary rules of interpretation of statutes as our guide. Section 1, article 2, chapter 26, laws of 1897, sec. 4179 Wilson's Stat. 1903, is as follows:

"That any and all instruments in writing or promissory notes now in existence or hereafter executed, evidencing the conditional sale of personal property and that retains the title of the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers or the creditors of the vendee, unless the original instrument or a true copy thereof, shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept, and when so deposited shall be subject to the law applicable to the filing of chattel mortgages; and any conditional verbal sale of personal property reserving to the vendor any title in the property sold, shall be void as to creditors and innocent purchasers for value."

The instrument in question did retain the title in the vendors; it was deposited with the register of deeds of the county where the vendee resided, and the property was kept; Shafer was a creditor of the vendee and took the property as such; he could not be termed an innocent purchaser because he purchased at judicial sale, and the doctrine of *caveat emptor* applies to all such sales. But he was a creditor of the vendee Moseby, and as to him the conditional sale was void unless the instrument evidencing the conditional sale was properly filed for registration.

The contention of plaintiff in error is that in order to entitle an instrument which evidences a conditional sale to registration, it must be executed in the same manner as the law requires a chattel mortgage to be executed, and here lies the real bone of contention. The statute in question says

such an instrument shall be void as to the creditors of the vendee unless the original instrument or a true copy thereof, shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept, and when so deposited shall be subject to the law applicable to the filing of chattel mortgages. In our judgment the legislature recognized a condition which they found in existence and which had prevailed in trade and traffic for a number of years, that of selling chattels on time and agreeing in writing that the title should remain in the vendor until the property was paid for, and to protect innocent purchasers and creditors against such agreements, unless the instrument evidencing such conditional sale should be filed with the register of deeds, after which time the laws applicable to filing chattel mortgages should control and govern such instruments. There is nothing in the statute that undertakes to provide the method or manner of executing such instruments, or requiring them to be witnessed or acknowledged. It applies with like effect to promissory notes and written instruments in existence at the time of the adoption of the law, and that had been executed prior to that time. It permits any such instrument to be deposited with the register of deeds, and when so deposited shall be subject to the law applicable to the filing of chattel mortgages. What is the law applicable to filing of chattel mortgages? A chattel mortgage is filed by depositing it in the office of the register of deeds of the county where the property is situated. Sec. 5378, Wilson's Stat. 1903. The filing operates as notice to creditors and purchasers. Sec. 3579. It causes it to be valid as against subsequent purchasers and creditors after the expiration of three years from filing, unless it is renewed as provided by the statute. Sec. 3582. The register of deeds must receive and file all such instruments as

are offered to him and keep same for public information and must not permit any of them to be removed from his office until cancelled. Sec. 3584. The register must endorse a number upon the instrument filed in regular order, together with the time of receiving the same. and must enter the name of every party thereto on a book kept alphabetically, placing mortgagees and mortgagors under separate heads, and stating in separate columns opposite each name, the number endorsed on the mortgage, the date thereof, and of the filing the amount secured thereby, a brief of the substance thereof not otherwise entered. and the time at which it is due. Sec. 3585. These are the provisions of law applicable to the filing of chattel mortgages, and to which instruments evidencing conditional sales are subject. Any instrument in writing or promissory note evidencing the conditional sale of personal property, when executed in the manner the law authorizes such instruments to be executed, is an instrument which the statute in question authorizes to be deposited with the register of deeds, and when so deposited it is filed, and all the laws applicable to the filing of chattel mortgages are then applicable to such instrument. and when so deposited it is constructive notice to innocent purchasers and the creditors of the vendee.

In the case at bar the contract of sale was duly deposited and registered as the statute requires, and was constructive notice to Shafer when he levied upon the cash register, and when he purchased it at the sheriff's sale. He took no better title than the execution debtor had, and they had none.

The judgment of the district court was right, and is affirmed, at the costs of the plaintiff in error.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.