S. TWICHELL COMPANY v. THE FIRST NATIONAL BANK OF LAWTON.

(Filed February 15, 1907.)

SALES—Personality—Contracts—Recording. A written contract evidencing the conditional sale of personal property need not be witnessed or acknowledged to entitle it to be filed for registration in the office of the register of deeds and to make it constructive notice when so filed.

(Syllabus by the Court.)

*Error from the Probate Court of Comanche County; before W. H. Hussey, Trial Judge.*

*H. T. Sims* and *James H. Wolverton,* for plaintiff in error.

*W. C. Stevens,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, S. Twichell Company, brought its action in the probate court of Comanche county against the defendant in error, The First National Bank of Lawton, to recover possession of certain soda-water apparatus. The cause was submitted to the court upon an agreed statement of facts, and the court found in favor of and rendered judgment for the defendant.

The facts agreed upon show substantially that on September 3, 1903, one C. A. Secor, at Lawton, Okla., entered into a written agreement with the S. Twichell Co., whereby he made a conditional purchase of certain soda-water apparatus and machinery. The contract contained the stipulation that the title to the property should remain in the vendor and not vest in the vendee until the purchase money agreed in the contract was paid and a bill of sale therefor delivered. This agreement was filed in the office of the register of deeds of Comanche county, and Secor took possession of the property. The contract was signed by the contracting parties but was not witnessed by any witnesses. Before he had paid the purchase money and while the property was still in his possession, Secor mortgaged said property to the defendent in error, The First National Bank, which mortgage was properly executed and filed for record with the register of deeds. The bank took possession of the property in question, and Twichell Company, after demand for possession and refusal, brought its action in replevin and obtained possession upon the writ of replevin. The court held that the written agreement between the Twichell Company and Secor, by which he came into possession of the property, was void

as against the subsequent mortgage for the reason that the contract had not been executed in conformity to the laws regulating the execution of chattel mortgages.

The identical question in this case was decided by this court in *Shafer v. National Cash Register Co.,* 16 Okla. 117, where it was held that an instrument in writing evidencing the conditional sale of personal property when executed in the manner such instruments are authorized to be executed, is entitled to be deposited with the register of deeds, and need not be witnessed or acknowledged to entitle it to registration and to make it constructive notice when so filed. This case is conclusive of the case at bar.

The judgment of the probate court of Comanche county is reversed, at the costs of the defendant in error, and the cause remanded with directions to set aside the judgment and grant a new trial.

All the Justices concurring.