## INGRAHAM v. BYERS.

No. 5018.  Opinion Filed July 20, 1915.

Rehearing Denied August 3, 1915.

(150 Pac. 905.)

1. **APPEAL AND ERROR—Instructions.** Where the trial court has not fully stated the law applicable to the issues arising upon the pleadings and evidence in its charge to the jury, it is prejudicial error to refuse requested instructions which do correctly state the law applicable to such issue.

### ON PETITION FOR REHEARING.

2. **SAME—Time of Taking—Motion for New Trial.** Where a motion for new trial is necessary in a cause, the time for perfecting an appeal to the Supreme Court commences to run from the date of the order overruling such a motion.

3. **STIPULATIONS—Conclusiveness.** Where counsel has stipulated that the case-made is true and correct and joins in a request that the judge of the court, who is successor of the trial judge, settle and certify the case-made, and present the cause on its merits, he cannot be heard in a petition for rehearing to question the sufficiency of the case-made and its certification.

(Syllabus by Galbraith. C.)

*Error from County Court, Mayes County;*
*J. E. Bristow, Judge.*

Action by Beal Ingraham against S. A. Byers. Judgment for the defendant, and plaintiff appeals. Reversed and remanded.

*J. H. Langley,* for plaintiff in error.

*Brewster & Brewster,* for defendant in error.

Opinion by GALBRAITH, C.  This was an action in replevin prosecuted for the purpose of trying the title and the right to the possession to two certain mules of the value of $125 each.  The plaintiff claimed to be the owner of the mules.  The defendant claimed title through purchase at a judicial sale upon execution issued on a judgment in his favor and against Hugh Ingraham and G. A. Ingraham.  There was a trial to the court and a jury, and verdict for the defendant, upon which judgment was rendered, adjudging title and the right to possession to the mules to be in the defendant, and against the plaintiff for costs.  From this judgment an appeal was prosecuted to this court.

The errors assigned are to the denying of the motion for a new trial, and to the giving, and refusing to give, certain instructions.

The testimony in regard to the title and ownership of the mules was conflicting, and is sufficient to support a judgment for either party.  If the jury had been properly instructed as to the law arising upon the issues in the cause, the judgment would be affirmed.  It is apparent from an examination of the instructions of the court to the jury that the issues arising upon the evidence were not clearly stated, and the jury were not correctly advised as to the law applicable to the issues.  In order to overcome and defeat the claim of title and ownership in the plaintiff it was necessary for the defendant to show that one or both of his debtors had title to the mules; that is, that either Hugh Ingraham or G. A. Ingraham owned the mules at the time they were

seized under the execution. It appeared from his testimony that he had been acquainted with the mules for more than two years; that he had observed Hugh and G. A. Ingraham, as well as the plaintiff, using them; that he examined the mortgage records of the county and found that Hugh Ingraham had given a chattel mortgage on the mules to one Partain, and from this evidence he concluded that Hugh Ingraham was the owner of the mules, and directed the officer to seize them under the execution. It was shown on behalf of the plaintiff that he had expressly authorized his brother, Hugh Ingraham, to mortgage the mules to Partain, but that he did not convey his title in the mules to Hugh, and still claimed title, subject to the lien created by that mortgage. The law is settled in this state that the doctrine of *caveat emptor* applies to judicial sales, and that the purchaser at such sales takes only such title in the property purchased as the judgment debtor had, and that if the judgment debtor had no title the purchaser at a judicial sale acquires none. *Shafer v. National Cash Register Co.*, 16 Okla. 117, 82 Pac. 646.

In the case of *Lockwood Bros. v. Frisco Lumber Co.*, 22 Okla. 31, 97 Pac. 562, the second paragraph of the syllabus reads:

"Simply intrusting the possession of chattels to another by the owner under a conditional executory contract of sale is insufficient to estop the owner from setting up title thereto against an innocent purchaser thereof for value and without notice of the condition from the person so intrusted."

The court did not correctly state the law arising upon the issues in this case in its instructions Nos. 5 and 6, nor in any other of its instructions, to the jury, and refused to give instructions requested by the plaintiff, which

50—16

fairly stated the law on the issues. No. 15, which was refused, reads as follows:

"Gentlemen of the jury, you are instructed that the defendant would not be entitled to the possession of the mules in controversy, or base his claim of ownership thereon, under the sale on the execution and his purchase thereof as testified by him, unless the mules in controversy at the time they were taken and sold under said execution, were the property of either Hugh Ingraham or G. A. Ingraham, the execution debtors in said case."

And No. 16, which was refused, reads as follows:

"Gentlemen of the jury, you are instructed that the owner of the property may allow a person not the owner thereof to mortgage it as security for the debt of the person not owning it, but such action on the part of the owner does not divest his ownership thereof, or make the property the property of the person mortgaging it any further than to make it liable for the debt to secure which it was mortgaged. And if you believe from the testimony in this case that the mules in controversy, at the time they were mortgaged to John Partain by Hugh Ingraham, were the property of Beal Ingraham, the fact of Hugh Ingraham's mortgaging the mules to Mr. Partain would not destroy Beal Ingraham's ownership thereof further than to make the mules liable for the payment of the debt for which they had been mortgaged.

"And such permission on the part of Beal Ingraham for his brother, Hugh, to mortgage the property to Partain would not give the defendant in this case any right to levy an exceution upon the mules in controversy, or to sell them under such execution, upon a judgment against Hugh Ingraham and G. A. Ingraham."

It was error in the trial court to refuse to give these instructions, inasmuch as the jury had not been otherwise correctly advised as to the law arising upon the issues made by the pleadings and evidence in this case.

*St. L. & S. F. R. Co. v. Crowell,* 33 Okla. 773, 127 Pac. 1063; *Sanders et al. v. Cline,* 22 Okla. 154, 101 Pac. 267.

We therefore recommend that the judgment be reversed, and the cause remanded for a new trial.

### ON PETITION FOR REHEARING.

The defendant in error presents petition for rehearing on the ground: (1) That the petition in error and case-made were not filed in this court until more than six months after the rendition of the final judgment in said cause; (2) that this court had no jurisdiction to pass upon the merits of said cause, for the reason that the judge who tried the cause did not settle and certify the case-made, and no reason is given why he did not do so.

The first ground set out in the petition has been adjudicated against the contention made in the petition, by a long line of decisions of this court, commencing with *Doorley v. Buford & George Mfg. Co.,* 5 Okla. 594, 49 Pac. 936, and extending down to *Garland v. Union Trust Co.,* 49 Okla. 654, 149 Pac. 893, holding that the time for perfecting an appeal to the Supreme Court commences to run from the date of the order overruling the motion for new trial, where a motion for a new trial is necessary, and such motion was necessary in the instant case. The motion for new trial, it appears, was overruled on the 18th day of November, 1912, and petition in error and case-made filed in this court on April 16, 1913, within the six months after the date of the overruling of the motion for new trial, and therefore in proper time.

The second ground of the petition would be good, since section 5244, Rev. Laws 1910, makes it the duty of the trial judge, even though out of office, to "certify, sign or settle the case in all respects as if his term had not ex-

pired"—and it appears from the record that the trial judge's term had expired before the time for serving the case-made had run, and that it was settled and signed and certified by his successor in office—unless the defendant in error is estopped from raising this question at this time and in this manner. It appears from the record that the plaintiff in error briefed the case on the merits, and that the defendant in error filed a reply brief on the merits of the cause, without any suggestion or intimation that the court was without jurisdiction to pass upon the merits, and a decision was rendered on the merits reversing and remanding the cause for a new trial. The suggestion of want of jurisdiction in this court to pass upon the case is made for the first time in the petition for rehearing, after the court has passed upon the merits of the cause, and decided it against the contention of the defendant in error. We find in the case-made a stipulation signed by the attorneys, presenting the petition for rehearing, whereby it is stipulated and agreed that:

"The foregoing case-made contains a full, true, correct, and complete copy and transcript of all the proceedings in said cause, including all the pleadings filed and proceedings had, and all the evidence offered and introduced, all the orders and rulings made and exceptions allowed, all of the record upon which the judgment and journal entries in said cause were made, and the same is a full, true, correct, and complete case-made; and the said defendant waives the right to suggest amendments to said case-made, and hereby consents that the same may be settled, without notice, and hereby joins in the request of the defendant that the judge of said court settle the same and order same certified to the clerk of said county court, and filed according to law."

The counsel for the defendant in error, having stipulated that the case-made is true and correct, and having

joined in the request that the judge of the county court certify and settle the case-made, is now estopped by such stipulation from questioning the sufficiency of the certificate or the authority of the judge to make the same. Counsel ought not to be permitted, in a court of justice, to stultify himself, by attempting to repudiate his stipulation, and he will not be heard to do so here. We hold that counsel is estopped from questioning the qualification of the judge to settle the case-made, or the sufficiency of the certificate thereto, by his stipulation.

The court held in *Northcutt v. Bastable,* 39 Okla. 124, 134 Pac. 423, that the stipulation of counsel worked an estoppel and prevented him from urging an objection that would have been good but for the stipulation. The same was held in *Lewis v. Allen et al.,* 42 Okla. 584, 142 Pac. 384. Counsel ought to deal frankly with the court, as well as with the opposing counsel, and cannot be permitted to set traps and pitfalls for either. Counsel having joined in the request that the judge of the county court certify and settle the case-made, he cannot be heard to raise the question of the disqualification of the judge who performed this act, especially after having briefed the case on the merits and speculated on a decision in his favor. Such conduct cannot be justified either in law or morals, and will not be countenanced here.

We therefore recommend that the petition for rehearing be denied.

By the Court: It is so ordered.