## NATIONAL OIL & DEVELOPMENT CO. v. KEYSTONE OIL CO.

No. 11314—Opinion Filed May 22, 1923.

Rehearing Denied July 10, 1923.

### Trial—Instructions—Submission of Issues.

In a case tried to a jury, where the evidence tends to support the same, it is the duty of the court to submit by appropriate instructions the theory of the defense; and failure to do so, at the request of the defendant, constitutes prejudicial error. Record examined, and held, that the court erred in refusing to submit to the jury the theory of the defense.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by Keystone Oil Company, a corporation, against National Oil & Development Company, a corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. T. Shipman, for plaintiff in error.

Rowland & Talbott, for defendant in error.

Opinion by JARMAN, C. This is an action commenced in the district court of Washington county by the Keystone Oil Company, a corporation, defendant in error, plaintiff below, against the National Oil & Development Company, a corporation, plaintiff in error, defendant below, to recover $436.20 for certain casing the plaintiff furnished the defendant.

The amended petition alleges that the plaintiff, at the special instance and request of the defendant, through its superintendent, J. S. Bovee, furnished and delivered to the defendant 484 feet and eight inches of new casing, which the defendant agreed to replace on demand; that demand has been made therefor and the defendant refused to return or replace the casing, which is of the value of $436.20, for which the plaintiff asks judgment. The defendant denies that it got such casing from the plaintiff and that it is indebted to the plaintiff therefor, and submits its defense on the theory that, if such casing was furnished, it was furnished to some other company, and that the defendant is not liable.

The case was tried to a jury and a verdict was returned for the plaintiff and against the defendant for the amount sued for. For reversal of the case, the defendant alleges numerous assignments of error; but it is only necessary to consider the following, to wit:

"If the cause should have been submitted to the jury at all, proper instructions embodying defendant's theory of the case should have been given."

In order to determine this question, it is necessary to review the evidence in the case, to determine whether the evidence tends to support the theory of the defendant. The first witness for the plaintiff was John S. Bovee, who testified that he was the superintendent of the Keystone Oil Company, plaintiff; that W. C. Whitmore, superintendent of the defendant, borrowed about 500 feet of casing, the property of the plaintiff, from him, stating that he would return it on demand; however, that the casing has never been returned, although demand has been made therefor; that Whitmore said the casing was for the defendant. On cross-examination this witness testified as follows:

"Q. Just what did he say, Mr. Bovee? Repeat his words as near as you can. A. Well, that he (referring to Whitmore) had pulled the casing from an oil well and the water was on this well and that he couldn't buy any casing, either second hand or new in town, and Mr. Sexton told him that I had this casing; they came to me and he wanted to borrow 500 feet, and I loaned it to him; it was immaterial to me."

Again:

"Q. Now, John, are you sure that he told you that he wanted that pipe for the National Oil & Development Company? A. I don't know as he said what company he wanted it for,—I won't say for sure, but I knew that he was the superintendent for the National Oil & Development Company, and never knew that he was with any other company, and I don't think anybody else did."

The next witness for the plaintiff was William W. Barker, who testified that he was an employe of the Continental Supply Company, with whom the plaintiff had a pipe account; that he made a record, tally sheet, of the delivery of this pipe and entered thereon the pipe as charged to the account of the plaintiff, but when he went to the office of the Continental Supply Company some one in the office told him it should be charged to the account of the defendant, and that the record was changed accordingly.

The next witness for the plaintiff was R. L. Gordon, who testified that he was secretary-treasurer of the defendant; that Whitmore, as superintendent of the defendant, gave to him, as secretary-treasurer of the defendant, a memorandum showing that this pipe was furnished to the defendant; that it

was used on the Butler & Johnstone lease, in which the defendant had a one-half interest, and that the defendant was conducting the operations on the lease at that time; that Whitmore, as superintendent, had authority to purchase necessary supplies for the defendant. On cross-examination this witness testified that Whitmore was also superintendent of the Continental Oil Company, the Butler & Johnstone Oil Company, the Loyal Oil & Gas Company, and the Butler & Johnstone, and further testified as follows:

"Q. The Butler & Johnstone accounts were kept separate from the National Oil & Development Company accounts, were they not? A. Yes, sir. Q. Any transaction of the Butler & Johnstone were entirely separate from the transactions of the National Oil & Development Company? A. Yes, sir. Q. And when you say that the National Oil & Development Company was conducting the operations on the Butler & Johnstone lease, you simply mean that the folks who were conducting the operations for the National Oil & Development Company also were conducting operations for the Butler & Johnstone,—is that what you mean? A. Yes, sir. Q. Well, why, Mr. Gordon, did you say that this pipe was obtained by the National Oil & Development Company, when it was obtained by the Butler & Johnstone lease? A. Well, did I say that? Q. Well, didn't you say that Mr. Whitmore had told you that it was for the National Oil & Development Company? A. I don't think I did. Q. You don't say that. I may be mistaken about it. As a matter of fact, then, it was obtained for the Butler & Johnstone lease? A. That is my recollection of the report. Q. And used on that lease? A. Used on that lease. Q. And that lease wasn't owned by a corporation, but a copartnership? A. Yes, sir."

The next witness testifying for the plaintiff was E. A. Hutchinson, who testified as to the value of the pipe.

The next witness for the plaintiff was H. L. Cantner, who testified that he was the superintendent of the defendant, and the successor of Whitmore; that he was also superintendent of the Continental Oil Company and the Butler & Johnstone, of which Whitmore had been superintendent; that the defendant paid him a salary as its superintendent, and each of the other companies paid him his salary as their superintendent; that the Butler & Johnstone lease is located on the Rosa Lee Armstrong allotment.

The first witness on behalf of the defendant was Grace Houck, who testified that she was the deputy county clerk of Washington county, and produced the records of her office showing the oil and gas lease executed by Rosa Lee Armstrong to Alban B. Butler and William Johnstone on her allotment, which the defendant offered in evidence and was denied upon objection of plaintiff, to which defendant excepted, and said witness produced records of her office showing a stipulation modifying the terms of the foregoing oil and gas lease and executed and signed by Rosa Lee Armstrong and her husband, and Alban Butler, as trustee for the National Oil & Development Company, and Harve W. Pemberton, John Johnstone, Henry H. Montgomery, as executors of the will of William Johnstone, deceased, which the defendant offered in evidence and denied on objection by the plaintiff, and to which the defendant excepted. Said witness testified further that she had made an examination of the records of her office and there was no other lease or contract of record affecting the lease executed by Rosa Lee Armstrong. At this point both parties closed their case.

The only instruction given by the court covering the issues in the case is as follows:

"You are instructed that if you find from the evidence in this case by a fair preponderance of the evidence, that the plaintiff delivered to the superintendent of the defendant, one W. C. Whitmore, certain pipe, which said W. C. Whitmore represented to the plaintiff that he was getting for the defendant company, then and in that event your verdict should be for the plaintiff, and if you fail to so find, you should find for the defendant."

The defendant complains that this instruction does not cover its theory of the case and requested the following instruction, which the court refused, to wit:

"You are instructed that unless you find from the evidence by a fair preponderance thereof, that the pipe in question was furnished and delivered by the plaintiff to the defendant corporation and received by it, your verdict should be for the defendant. And in this connection you are further instructed that delivery to and receipt by the superintendent Whitmore, for another concern in which the National Oil & Development Company was not interested, even though defendant and such other concern may have been under the same management, would not make this defendant liable."

The only defense interposed by the defendant was that this casing was not furnished to it, but was furnished to another and different company in which the defendant had no interest. The theory of the defense was not submitted to the jury by the instructions given. Portions of the evidence of the plaintiff, and the evidence of the defendant which was admitted, and the evidence offered by the defendant, which was erroneously ex-

cluded, tend to support the theory of the defense, and the court erred in refusing to give the instruction requested by the defendant, setting up his theory.

In the case of Mountcastle v. Miller, 66 Okla. 40, 166 Pac. 1057, the court held:

"In a case tried to a jury, where the evidence tends to support the same, it is the duty of the court to submit by appropriate instructions the theory of the defense; and failure to do so, at the request of the defendant, constitutes prejudicial error." See, also, A., T. & S. F. Ry. Co. v. Jamison, 46 Okla. 669, 149 Pac. 195; Ingraham v. Byars, 50 Okla. 463, 150 Pac. 905; Eccleston v. Edens, 50 Okla. 237, 150 Pac. 882; Campbell v. Thomas-Godfrey Land & Loan Co., 81 Okla. 201, 197 Pac. 452; Mills v. Hollingshed, 82 Okla. 250, 200 Pac. 200.

The judgment of the lower court is, therefore, reversed and remanded, with instructions to grant a new trial.

By the Court: It is so ordered.