## SCHULTE v. GARRETT.

No. 13533—Opinion Filed April 22, 1924.

### 1. Trial—Instructions—Covering Issues.

It is the duty of the court to give proper instructions substantially covering the issues joined and evidence produced at the trial of the case, and it is fundamental error to fail to do so.

### 2. Appeal and Error—Reversal—Inconsistent Instructions.

The instructions as a whole must be consistent and harmonious, and where two instructions contain inconsistent propositions, the case will be reversed for the reason that the court is unable to tell which the jury follows and which they ignore.

### 3. Same—Lack of Instruction on Issue.

Where the jury receives no specific instructions on the law applicable to the particular issues involved, such error cannot be held to be harmless under the provisions of section 6005, Rev. Laws 1910.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by O. C. Garrett against W. F. Schulte. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

W. F. Schulte, for plaintiff in error.

I. M. King and John P. Crawford, for defendant in error.

Opinion by JONES, C. This suit was originally instituted in the justice court at Ada, Okla., and appealed to the district court of Pontotoc county, in which court the appellant was plaintiff and the appellee defendant. The action was based on a contract to recover for the drilling of a water well. Plaintiff alleges that he entered into an agreement with the defendant whereby plaintiff was to drill the well for a consideration of $1 per foot for the first 100 feet, $2 per foot for the next 50 feet, and $3 per foot for the next 50 feet, and so on, increasing at the rate of $1 per foot for each additional 50 feet drilled; that he drilled said well to a depth of 187 feet, at which point water was struck and rose in the well to

a depth of about 87 feet. That he notified the defendant, Schulte, whereupon the said Schulte directed his tenant on the farm, Whit Stone, to test out the well and if it proved to be as represented by the defendant, and a good well, he would pay for same, and that thereafter the said Whit Stone reported to him that it contained about the amount of water as represented by the defendant, whereupon the appellant, Schulte, gave the defendant a check for $100 in part payment, but requested that the check not be presented to the bank until the following day.

To which petition and allegations thereof the appellant, defendant below, filed his answer in which he admits that he entered into a contract for the drilling of the well with the plaintiff and agreed to pay the price as alleged, but denied that water was struck or produced in sufficient quantities to supply the farm, as contemplated under the terms of the agreement, and denied that he ever accepted same, to which answer the plaintiff filed a reply denying all of the matters set up as a defense to plaintiff's cause of action. The case was tried to a jury and a verdict returned for $200 in favor of the plaintiff. Motion for a new trial was filed, and overruled, and judgment rendered by the court in accordance with the verdict of the jury; from which order and judgment the defendant appeals to this court, and sets forth numerous assignments of error, but confines the argument largely to the fifth specification of error wherein the appellant complains of instructions Nos. 1 and 2 given by the court to which the appellant duly excepted at the time.

Instruction No. 1, is as follows:

"If you find that the defendant employed the plaintiff to drill a well and that he agreed to drill until he got water, then you are instructed you will find for the plaintiff for whatever the contract price would be to the depth to which the well was drilled, unless you find for the defendant under instructions I will give you after this."

Instruction No. 2 :

"If you find that the defendant accepted the well, then you are instructed that it would be immaterial whether the well continued to supply water or not, but if you find the well was accepted on account of false statement made by the plaintiff to mislead the defendant, and the defendant acted on them and was led to accept the well by virtue of that authority, then the defendant would not be bound by the acceptance even though you find that he did accept the well. On the contrary, if you

find no false statements were made and that the defendant accepted, upon the report of Mr. Stone, and on the statement of the plaintiff, about the amount of water in the well, and that the statements were true, and they were not made for the purpose of defrauding the defendant, then if the defendant accepted the well he would be bound by it, and you are instructed it would be immaterial whether the well continued to supply water or not under such conditions."

Appellant complains of the first instruction for the reason that the court instructs the jury that the basis of the right of the plaintiff to recover is, "that he agreed to drill until he got water."

We think the objection is well taken as this instruction is equivalent to a peremptory instruction for the plaintiff. There is no contention about the fact that the plaintiff agreed to drill a well until he got water, unless stopped by the defendant. It is true that the court closed the instruction with this language, "unless you find for the defendant under the instructions, I will give you after this."

Instruction No. 2 is on the question of acceptance and does not submit to the jury the theory of the defendant as to the original contract, wherein he contends, and it is not controverted by the plaintiff, that water was to be procured in sufficient quantities to furnish the farm, in other words it was to be such a water well as would supply the needs and necessities of the farm, the purpose for which it was being drilled.

Instruction No. 1 does not cover the contention made by either of the parties, and we think clearly erroneous and calculated to mislead the jury, and prejudicial to the rights of the defendant.

Instruction No. 2, we think, is faulty for it nowhere advises the jury of what would constitute an acceptance sufficient to bind the defendant.

We think an acceptance in cases of this kind must be unqualified and unconditional and with full knowledge of the facts, It is clear in this case, that there was no intention on the part of the plaintiff to accept the well unless it be such a well as contemplated under the agreement, and the evidence clearly fails to show an unconditional acceptance at any time on the part of the defendant, and while the acts and conduct might be sufficient in some cases, such as where all the defects are visible and known, but would not be sufficient where there were latent defects. The facts as disclosed by the record in this case show that representations relied upon by the defendant were

those made by the plaintiff, and while his tenant, Whit Stone, was present at the time the measurements were made to determine the depth of the water in the well, the measurements were made by the plaintiff and accepted by Stone, and also the defendant, as being true, when in fact they evidently were not true. And as stated in R. C. L. page 996, art. 363:

"The mere fact that the owner pays for a building constructed for him will not prevent him from recovery for defects subsequently discovered."

And the authority gives other illustrations to this effect, and we are inclined to the opinion that had the defendant paid the entire amount due under the contract, by reason of false representations made as to the conditions of the well, and it afterwards developed that it was not such a well as contemplated by the parties under the terms of the agreement, he would not be estopped from claiming damages and recovering the amount paid. The instructions No. 1 and 2, which were the only instructions given aside from a statement of the facts and the stereotyped instruction as to preponderance of the evidence, credibility of the witnesses, etc., wholly fail to submit to the jury the theory of the defendant, to wit, that water was to be procured in sufficient quantities to furnish the farm, and we therefore deem it unnecessary to discuss the other questions raised and recommend that the case be reversed and remanded for a new trial.

By the Court: It is so ordered.