## LINDSEY et al. v. PHILLIPS.

No. 17236—Opinion Filed Oct. 5, 1926.

1. Appeal and Error—Reversible Error— Failure to Instruct on Material Issue.

The refusal of a requested instruction on the law applicable to a material issue of fact, and the failure of the court to instruct the jury as to the law relating to the issue in its general charge, will operate to cause the reversal of the cause.

2. Same—Judgment Against Indorsers of Note not Sustained.

Record examined; held. to be insufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by John M. Phillips against W. J. Walker, G. B. Lindsey, and J. B. Hiebert to recover on promissory note. Judgment for plaintiff, and defendants Lindsey and Hiebert bring error. Reversed and remanded.

Langley & Langley, for plaintiffs in error.

Henry L. Burris and Vance & Bliss, for defendant in error.

Opinion by STEPHENSON, C. John M. Phillips commenced his action against W. J. Walker, G. B. Lindsey, and J. D. Hiebert, to recover on a promissory note. The trial of the cause resulted in judgment for the plaintiff. G. B. Lindsey and J. D. Hiebert have appealed the cause here, and submit several of the rulings of the trial court as error for reversal.

W. J. Walker was principal and G. B. Lindsey and J. D. Hiebert were accommodation indorsers. The note was executed and delivered to the plaintiff for cattle sold and delivered by the latter to Walker. The plaintiff took a chattel mortgage on the cattle to secure the payment of the note. Among the several defenses set forth in the

answer of Lindsey and Hiebert, was one to the effect that the plaintiff had permitted Walker to sell cattle covered by the mortgage, to the value of about $1,500, and to retain the proceeds from the sale to his use and benefit. Evidence was introduced in the trial of the cause by the defendants to support the answer in this respect. The plaintiffs in error requested the court to instruct the jury to the effect that, if the plaintiff permitted Walker to sell and dispose of the cattle covered by the mortgage to the value of $1,500, and to retain the money for his benefit, the defendants would be entitled to a credit therefor on any judgment that might be rendered against them. The court refused the instruction and failed to so charge the jury in the general instruction.

The defendants were entitled to have the issue of fact as made in their answer in this respect submitted to the jury, either on their requested instruction, or in the general instruction. The failure of the court to instruct the jury as to the law applicable to this question of fact will operate to cause the reversal of the case. Schulte v. Garrett, 99 Okla. 52, 225 Pac. 904; American Investment Co. v. Baker. 104 Okla. 95, 230 Pac. 724; New et al. v. Bradshaw. 89 Okla. 205, 214 Pac. 557; Natl. Oil & Dev. Co. v. Keystone Oil Co., 91 Okla. 198, 216 Pac. 450.

It would. serve no useful purpose to analyze the other propositions submitted, as the error pointed out is sufficient to cause the reversal of the cause.

The cause is reversed and remanded for further proceedings in accordance with the views herein expressed. ·

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 1050, §3032; 14 R. C. L. p. 800; 4 R. C. L. Supp. p. 920; 5 R. C. L. Supp. p. 779. (2) 4 C. J. p. 1164, §3181.