## DEAL et al. v. STATE ex rel. MOTHERSEAD.

No. 17866.　Opinion Filed Feb. 7, 1928.

(Syllabus.)

1. **Appeal and Error—Trial—Failure of Court on Own Motion to Instruct on Decisive Issues Fundamental Error.**

It is the duty of the trial court upon its own motion to properly instruct the jury upon the decisive issues made by the pleadings and evidence introduced at the trial of

the cause, and a failure so to do constitutes fundamental error.

## 2. Pledges—Pledgee of Commercial Paper not Authorized to Release Chattel Mortgage Securing Such Paper.

A pledgee of commercial paper as collateral security for the payment of a debt has no authority to release, or make a contract to release, a chattel mortgage given to secure such paper, without the consent of the pledgor, in the absence of a showing of such power in the contract of pledge.

Commissioners' Opinion, Division No. 2.

Error from District Court, Ellis County; Charles C. Smith, Assigned Judge.

Action by the State of Oklahoma ex rel. O. B. Mothersead, as Bank Commissioner, against Anna Deal and Gottfried Deal. Judgment for plaintiff, and defendants' appeal. Reversed and remanded.

C. B. Leedy, for plaintiffs in error.

Mauntel, Doolin & Spellman, for defendant in error.

DIFFENDAFFER, C. This is an action brought by the state of Oklahoma ex rel. O. B. Mothersead against Anna Deal and Gottfried Deal, to recover a balance claimed to be due on a note given by defendants to the Bank of Shattuck, a state bank, dated the 6th day of December, 1923, and to recover possession of certain personal property covered by a chattel mortgage given to secure the note. The note when given was for $1,360. The chattel mortgage given to secure the note covered 120 acres of growing wheat, and the personal property here involved being certain live stock, farm implements, and machinery.

Shortly after the note and mortgage were given, the Bank of Shattuck borrowed money from the Oklahoma State Bank of Enid, and delivered the note of defendants, along with other notes, to the Oklahoma State Bank of Enid as collateral security. While the note was so held by the Enid bank, defendants made certain payments thereon, whereby the principal was reduced to $1,008.88. The bank of Enid, while it held the note, and at the time the payment was made, September 5, 1924, took a new mortgage to secure the balance on 120 acres of wheat then about to be sown on the land of defendant Gottfried Deal. Before this was done, the Bank of Shattuck had become insolvent, and the Bank Commissioner had taken possession of its assets, and one A. L. Schwendener had been appointed liquidating agent.

After the new chattel mortgage was given, the liquidating agent paid the indebtedness of the Bank of Shattuck to the bank of Enid; and the note of defendants, together with the new chattel mortgage, was returned to the liquidating agent.

On July 8, 1925, after the wheat covered by the new mortgage had been harvested and sold, Schwendener, who had also been appointed receiver in a foreclosure proceeding in the district court, wherein a real estate mortgage on the land of Gottfried Deal was being foreclosed, took possession of the proceeds of all the wheat, which, after deducting certain expenses of harvesting and threshing the wheat, and $75 then owed by defendants to J. M. Higgins, to whom the wheat had been sold, amounted to $550.70, to apply on defendants' indebtedness.

Plaintiff filed this suit, and alleged that the balance due on the note on November 18, 1925, the date the suit was filed, after allowing all proper credits, was $794.51, judgment for which, together with $136 attorneys' fee, provided in the original chattel mortgage, was prayed.

Plaintiff did not ask that the chattel mortgage be foreclosed in this suit, but prayed for possession of the personal property covered by the original mortgage, presumably for the purpose of advertising and selling same, under the chattel mortgage.

Defendant did not demur to the petition, and did not raise any question as to the joinder of the action on the note with action for the possession of the property.

The answer was a verified general denial, and an allegation that there was then due on the note the principal sum of $493.50, which, together with interest, in all $510.51, they offered to pay. They pleaded specifically that they had paid on the note, on July 8, 1925, the sum of $302.05, for which they had received no credit.

The case was tried to a jury, and a great deal of testimony taken, with reference to the application of the $550.75, received by Schwendener. Defendants contended that they had never received credit on their note for any of the proceeds of the wheat. Plaintiff undertook to explain how the money had been applied. Schwendener testified that he had divided the proceeds of the wheat by taking what he said was one-third thereof, which he claimed represented the rent on the land, and applied it on the indebtedness due from defendant Gottfried Deal to the Walton Mortgage Company on the real estate mortgage, and that the one-third amounted to $248.70, which he claimed he took charge of as receiver, and the balance,

amounting to $302.05, he testified he took charge of as liquidating agent, and applied it on the note in controversy.

The indorsements on the note, by which it is claimed the credit was given, are: "7-8-25 by ck. $21.36; $55.44 int. pd. to 8-5-25; 7-8-25 paid on prin. $214.37."

Schwendener testified that he so applied the $302.05, after taking out $10 and some cents to apply on the interest of an unsecured note of defendant Anna Deal, held by the bank.

Defendants contend that they had not received credit for either the $302,65 item or the $248.70 item. This latter item of $248.70 was as much an issue as was the $302.05 item. In fact, a greater portion of the testimony was concerning the $248.70. The plaintiff sought to show that this item had been credited on Gottfried Deal's indebtedness to the mortgage company. At the close of the evidence, the court, by agreement of counsel, instructed the jury orally, and withdrew from the jury the question of the right of possession of the property, and submitted to the jury only the question of whether or not defendants had received credit on the note in controversy for the item of $302.05, leaving out entirely the issue as to the $248.70 item.

The refusal to instruct the jury on the question of whether or not defendants had received credit for the $248.70 item is set up as error.

We think the question is fairly raised by the pleadings. The rule is well established that where evidence is offered and received without objection on an issue, not specifically raised by the pleadings, and when the pleadings might properly be amended so as to cover such issue, the pleadings will be treated as so amended.

Assuming, without deciding, that the $248.-70 representing the one-third value of the wheat crop might have properly been treated as rent due Gottfried Deal from his daughter, as tenant of the land, and applied on his separate mortgage indebtedness, we think the evidence of plaintiff is too inconclusive and uncertain to justify the trial court in holding, as a matter of law, that this item had been so applied, and in withdrawing the issue as to this item from the jury.

It is the duty of the trial court, upon its own motion, to properly instruct the jury upon the decisive issues raised by the pleadings and the evidence, and a failure so to do constitutes fundamental error. Oklahoma Producing & Rfg. Corp. v. Freeman, 88 Okla.

166, 212 Pac. 745; Helsel v. Fletcher, 98 Okla. 285, 225 Pac. 514; Schulte v. Garrett, 99 Okla. 52, 225 Pac. 904; Bank v. Cox, 83 Okla. 1, 200 Pac. 238.

Defendants also contend that at the time the new mortgage was given the bank of Enid agreed that if defendants would secure the balance of $1,008.88 by chattel mortgage on 120 acres of wheat, to be planted, which was done, the original chattel mortgage would be released. There was evidence tending to support the contention that such agreement was made, and defendants contend that the court committed error in refusing to submit this question to the jury on the issue of the right of plaintiff to possession of the personal property under the original mortgage. The contention of defendants cannot be upheld.

The contract, whereby the note was pledged to the bank of Enid, was not in evidence, and there is nothing in the record to show that the Enid bank had any power other than an ordinary pledgee of the note as security for its indebtedness.

"The pledging of commercial paper as collateral security for the payment of a debt does not vest the pledgee with complete title; he has only a special interest therein to secure the debt; the general ownership remains in the pledgor." Miller v. Horton, 69 Okla. 147, 170 Pac. 509.

The State Bank of Enid, being an ordinary pledgee, and the general ownership of the note and mortgage remaining in the Bank of Shattuck, the bank of Enid was without authority to release, or make a valid contract to release, the chattel mortgage, without the consent of the general owner.

The judgment should be reversed, and the cause remanded for a new trial.

BENNETT, REID, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 849, §755. (2) 11 C. J. p. 690. §471 (Anno) ; anno. 28 L. R. A. (N. S.) 981; 21 R. C. L. p. 671; 6 R. C. L. Supp. p. 1279.