## MOUNTCASTLE v. MILLER.

No. 7285—Opinion Filed July 31, 1917.

(166 Pac. 1057.)

1. **Contracts — Written Contract—Execution.**

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

2. **Appeal and Error—Trial—Instructions —Submission.**

"In a case tried to a jury, where the evidence tends to support the same, it is the duty of the court to submit by appropriate instructions the theory of the defense; and failure so to do, at the request of defendant, constitutes prejudicial error."

(Syllabus by Bleakmore, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by Cora Miller against R. M. Mountcastle. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Sumner J. Lipscomb, Thea E. Lipscomb, and Francis Stewart, for plaintiff in error.

Irwin Donovan, for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Muskogee county by Cora Miller, as plaintiff, against R. M. Mountcastle, an attorney at law, as defendant, seeking recovery of $550 damages on account of the alleged negligence of defendant in the performance of his professional duties to plaintiff as his client. Upon trial to a jury plaintiff obtained judgment for $275, and defendant has appealed.

It appears from the evidence that one Willian W. Runyan, an uncle of the plaintiff, was the owner of a tract of land, the title to which was clouded by certain forged deeds and other instruments of record purporting to have been executed

by him; that by verbal contract he employed one Hughes, a layman, to put the title in a marketable condition and procure a purchaser for said land, and agreed to allow him for such services one-half of the proceeds of the sale thereof; that Hughes orally assigned said contract to plaintiff (a nonattorney), who by agreement with Runyan was subrogated to any rights Hughes had thereunder; that plaintiff provided board and lodging for and otherwise maintained Runyan, who also promised to pay her therefor out of the proceeds of his land when sold, in addition to the 50 per cent. thereof she was to receive for services in clearing his title; that thereupon plaintiff, with the consent of Runyan, by parol contract, employed defendant as her attorney to advise her and perform such legal services as were necessary in the matter of rendering the title to said land marketable, and further, as she testified, to collect from Runyan her claim for his maintenance, and for such services to allow defendant 25 per cent. of the proceeds derived from the sale of said land. Subsequently the following written contract was entered into between plaintiff, Runyan, and defendant:

"This agreement, made and entered into this the 23rd day of December, 1912, by and between Mrs. Cora Miller, as agent for William W. Runyan, and William W. Runyan, himself, parties of the first part, and R. M. Mountcastle, party of the second part, witnesseth: That for and in the consideration of the clearing of the title, either by suit or otherwise, or a settlement of the controversy, which may be agreed to by parties of the first part, by the party of the second part, R. M. Mountcastle, to the following described property, to wit: [Description of land]—being the allotment of William W. Runyan, roll No. 16398. The said party of the first part, Cora Miller and William W. Runyan, do by these presents agree to pay to the party of the second part, R. M. Mountcastle, the sum of one-fourth (¼) of the gross proceeds of the sale of the above-described land, said expenses of the clearing of the title, sale and other necessary expenses to be borne in equal parts by the parties of this agreement, and each party to be repaid when the property is sold, or otherwise disposed of.

"Cora Miller.
"William W. Runyan.
"R. M. Mountcastle."

Thereafter Runyan executed and delivered to defendant a mortgage upon the land in question, which the plaintiff testified was given to secure payment to her of one-half of the proceeds of the land when sold and also her claim for maintenance, which defendant insists was to secure his fee of one-fourth of such proceeds and the payment of expenses necessarily incurred by him in the performance of his services to Runyan. Defendant was successful in his endeavor to clear the title to the land. The same was sold for $1,100; defendant releasing his mortgage, and receiving $275 as his fee and also the money advanced by him for expenses. No effort was made by him to collect either the amount claimed by plaintiff for services in clearing the title to the land, or for maintenance under her agreement with Runyan.

It was the theory of defendant, and he so testified, that his services in the entire transaction were performed pursuant to the written agreement above set forth, which it was insisted superseded the oral negotiations concerning the matter alleged to have taken place between him and plaintiff. In order to present this theory to the jury, he requested the court to give the following instruction:

"You are further instructed that if you find by the evidence that a written contract was entered into by and between the plaintiff and defendant and William Runyan concerning the funds in controversy, and that the plaintiff signed said contract together with the other necessary parties, then and in that event you are instructed that the law presumes all oral or verbal negotiations made or discussed prior thereto are merged in said written contract, so far as the same are affected thereby."

By section 942, Revised Laws 1910, it is provided:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

See Early v. King, 38 Okla. 206, 135 Pac. 286; Colbert v. First Nat. Bank of Ardmore, 38 Okla. 391, 133 Pac. 206; Oland v. Malson, 39 Okla. 456, 135 Pac. 1055; McNinch v. Northwest Thresh. Co., 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803, and cases cited therein; Miller Bros. v. McCall Co., 37 Okla. 634, 133 Pac. 183; Hollister v. Nat. Cash Register Co., 55 Okla. 214, 154 Pac. 1157.

Plaintiff urges that, inasmuch as she was designated in the written agreement "as agent for William W. Runyan," she

was not individually a party thereto or personally bound by its provisions. It must be conceded, however, that subsequent to her oral negotiations with defendant, she, as agent of Runyan, or personally, became a party to the contract in writing by the terms of which defendant was employed solely to clear the title to Runyan's land. In either capacity she was affected by the provisions of such instrument; if an agent she must have acted for her principal in contracting for the services of defendant on behalf, and undertaking to compensate him out of the funds, of such principal; if personally, she necessarily consented that defendant be employed in the matter under the terms of that contract, which were materially different from those of the preceding verbal agreement under which she recovered judgment against defendant on the theory that he was her attorney.

Even if the contract declared on between plaintiff and defendant was valid (a question which we do not determine), the refusal of the court to charge the jury in effect as requested, in our opinion, constituted error prejudicial to the rights of defendant. "In a case tried to a jury, where the evidence tends to support the same, it is the duty of the court to submit by appropriate instructions the theory of the defense; and failure so to do, at the request of defendant, constitutes prejudicial error." A., T. & S. F. Ry. Co. v. Jamison, 46 Okla. 609, 149 Pac. 195; Eccleston v. Edens, 50 Okla. 237, 150 Pac. 882; Ingraham v. Byers, 50 Okla. 463, 150 Pac. 905; Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 Pac. 934; Leach v. Helper, 32 Okla. 729, 124 Pac. 68.

Other questions are presented, which, for the reason that they may not again arise, we deem unnecessary to consider.

The judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.