## HOLMBOE v. NEALE.

No. 8272—Opinion Filed Feb. 26, 1918.

(171 Pac. 334.)

### 1. Appeal and Error — Trial—Instructions —Issues—Reversible Error.

It is the duty of the court, when duly requested, to submit by instructions to the jury any material issue, theory, or defense which the evidence tends to support, and a failure to do so is reversible error when, in the opinion of the court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice.

### 2. Trial—Submission of Issues—Contrary Evidence.

The right to have the same submitted to the jury is not affected by the fact that there is evidence to the contrary.

### 3. Master and Servant—Injury to Third Person—Liability.

Where the injury complained of is the result solely of a negligent act of a third person who does not stand in such relation to the defendant as to render the doctrine of respondent superior applicable, no liability can attach to the defendant.

(Syllabus by Hooker, C.)

Error from District Court, Cleveland County; F. B. Swank, Judge.

Action by Mrs. E. J. Neale against J. A. Holmboe, doing business as the Holmboe Company. Judgment for plaintiff, and defendant brings error. Reversed, and cause remanded for new trial.

Vaught & Brewer, John H. Halley, and Ralph C. Hardie, for plaintiff in error.

W. L. Eagleton and Roy V. Lewis, for defendant in error.

Opinion by HOOKER, C. The construction company contracted with the state of Oklahoma to erect a power plant at the university located at Norman, Okla., and on the day of the alleged injury involved here it was engaged in laying pipe lines from the power plant to the buildings located upon the campus of the university, and in order to do so it was necessary for it to excavate ditches over and across the campus of the university and the streets and sidewalk used in connection therewith. The negligence complained of here is that it had excavated a ditch across the street and sidewalk which had long and continuously been used by the general public, and that it had negligently failed to properly safeguard the same by means of barriers and lights to inform the general public ac-

customed to use said street, that said ditch had been excavated, and thereby prevent injury to those using the same. And it is alleged that the plaintiff, on the night in question, in returning from one of the buildings on the campus where her duty called her to her home along the usual, customary, and natural route passed down the sidewalk which she was accusomed to use, and that she encountered an obstruction across the sidewalk, and in attempting to pass the same, without fault on her part and without knowledge or warning of the danger, fell into the ditch which the construction company had excavated across said street and sidewalk, and was thereby injured, for which she seeks to recover damages here.

The answer consisted of a general denial, a plea of contributory negligence, and for a third and separate defense it is asserted by the construction company that it had left the street and the sidewalk in a safe condition, but that the owner of the property, without the knowledge or consent of the construction company, after it had placed the street and sidewalk in a safe condition for use by pedestrians accustomed to use the same, had altered and changed it, and if the same were rendered unsafe, that it was due to the act of the owner over which the construction company had no control.

The facts here disclose that the plaintiff below on the night in question was pursuing the usual route of travel from the engineering building located on the campus of the university east of the extension of Asp avenue to her home, that she crossed the extension of Asp avenue immediately west of the engineering building to the west side of Asp avenue extended, and then started north upon the sidewalk located upon the west side of Asp avenue extended in the direction of her home, and that, when she had almost approached the boulevard running east and west through the campus, she encountered an obstruction across the sidewalk, and in endeavoring to go around this obstruction she fell into an open ditch and suffered the injuries complained of here. It is contended by her that there was no light placed at that point which would enable pedestrians to find their way, and that a plank placed across this ditch, by means of which pedestrians were intended to cross the same, was insufficient to safely protect the lives and limbs of those using it therefor.

The evidence on behalf of the construction company would tend to establish that it did not place the obstructions upon said sidewalk of which the plaintiff below complains,

but left this sidewalk entirely open with guard rails upon the east and west side thereof, and with lights upon the north and south end of said guard rails, so that pedestrians using said walk could not fall in the ditch, and could see that excavations had been made and pass over the same in safety, but that after these guard rails had been erected upon the east and west side of the sidewalk over said ditch, and the lights had been placed at the north and south end thereof, the superintendent of the university grounds had, without its knowledge or consent, torn up the sidewalk for a distance of 15 or 20 feet over and upon either side of said ditch, and made the same anew, and inasmuch as the same was fresh, the aforesaid superintendent placed barriers across the sidewalk so that the same could not be used until it had dried, and that the superintendent fixed a passageway at the side of the sidewalk by means of planks across the ditch, and had left certain lights to properly advise the public of this condition.

A trial was had, and a judgment rendered against the company, from which it has appealed here, only assigning as error the refusal of the court to submit to the jury its theory of the defense contended for by it; that is, that if the condition of this sidewalk was not safe to the traveling public, and had been rendered so by the act of the owner over which the construction company had no control, it could not be held responsible therefor, and that it had upon this particular occasion placed this sidewalk in a safe condition to be used by the public, and had properly guarded the same by means of guard rails and lights so that injury could not come to those using the sidewalk, and that the superintendent of the university grounds, without its knowledge or consent, had thereafter altered this condition by tearing up the sidewalk, building new sidewalk, and erecting obstructions across the same upon the north and south side of said ditch in order to avoid the use thereof by the public. And it is further asserted by the construction company that, if this sidewalk was rendered unsafe, the same was due to the act of the owner or the superintendent of the university grounds, and not to any act of its own.

An examination of the evidence here is clearly sufficient to justify the submission of that question to the jury; for, if it be true, the same constitutes a perfect defense to the plaintiff's cause of action.

In 1 Thompson on Negligence, 590, it is said:

"If the negligence of the proprietor and not that of the contractor, is the proximate cause of the injury, then the proprietor will be liable to the person injured."

In 29 Cyc. 477, the rule is laid down as follows:

"Where the injury is the result solely of the negligent act of a third person who does not stand in such a relation to defendant as to render the doctrine of respondeat superior applicable, no liability attaches to the defendant. The fact that the negligent act which caused the injury was done on a person's land or property will not render him liable where he had no control over the person committing such act, and the act was not committed on his account, nor where the third person whose negligence caused the injury assumes control of the owner's property without authority."

This court in Menten v. Richards et al., 54 Okla. 418, 153 Pac. 1177, said:

"Each party to a controversy is entitled to have his theory of the case presented to the jury by proper instruction, provided the same has been properly pleaded and he has introduced evidence tending to support such theory."

And in Oklahoma Ry. Co. v. Christenson, 47 Okla. 132, 148 Pac. 94, this court said:

"The instructions of the court should be based upon the issues as made by the pleadings and the evidence, and should present the respective theories of the parties in accordance with the testimony offered in support thereof"

And in A., T. & S. F. Ry. Co. v. Jamison, 46 Okla. 609, 149 Pac. 195, this court said:

"In a case tried to a jury, where the evidence tends to support the same, it is the duty of the court to submit by appropriate instructions the theories of defense; and failure so to do, at the request of the defendant, constitutes prejudicial error."

And in Spurrier Lbr. Co. v. Dodson, 30 Okla. 412, 120 Pac. 934, this court said:

"It is the duty of the court to submit to the jury, and give instructions thereon, any issue, theory, or defense which the evidence tends to support. This right is not affected by the fact that there is countervailing testimony."

The plaintiff in error requested the court to instruct the jury in accordance with the theory of its defense as stated above.| The court refused to do so.

A careful examination of the pleadings and evidence conclusively leads one to the conclusion that it was prejudicial error for the court to refuse to give this instruction. For this the judgment of the lower court is reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.