## PATE v. SMITH.

No. 17644. Opinion Filed Nov. 15, 1927.

(Syllabus.)

1. **Evidence—Opinion Evidence—Value of Property Destroyed by Fire.**

In an action for damages for the destruction of property by fire, where the correct measure of damages is the actual cash value of the property at the time and place of destruction, the only qualifications required of witnesses to give testimony as to the value of the property destroyed is that they must exhibit a fair knowledge of the property about which they offer to testify and its value at the time and place of its destruction.

2. **Same—Damages for Loss of Used Automobile—Error to Admit Evidence of Value Nine Months Previous.**

In an action for damages for the destruction of a used automobile by fire, it is error to admit testimony as to the value of the automobile nine months prior to its destruction without reference to the condition of the automobile at the time and place of destruction.

3. **Trial—Duty of Court to Submit Theory of Defense in Accord with Evidence.**

It is the duty of the trial court to clearly submit by appropriate instructions the theory of the defense in accordance with the evidence where the evidence tends to support the same, and failure to do so at the request of defendant constitutes prejudicial error.

Commissioners' Opinion, Division No. 2.

Error from District Court, LeFlore County; D. C. McCurtain, Judge.

Action by Edgar R. Smith against Walter Pate. Judgment for plaintiff, and defendant appeals. Reversed.

White & Reid, for plaintiff in error.

R. G. Bulgin, for defendant in error.

JEFFREY, C. This was an action by Edgar R. Smith, herein called plaintiff, against Walter Pate herein called defendant, in the district court of LeFlore county, for damages growing out of a fire and an explosion of blasting powder. The petition alleged that plaintiff was the owner of a store building in the town of Milton, in which he carried a stock of merchandise, and a fourth-class United States post office, including the necessary equipment and supplies; and that plaintiff maintained living quarters, with the necessary household furnishings, in the rear of said building; that defendant owned a vacant store building, known as the coal office, located about 50 feet from plaintiff's building: that for some years defendant's building had been in a bad state of repair, and had been used for storing hay, and on September 1, 1926, it was being used to store a large quantity of blasting powder and dynamite caps: that on the night of September 1, 1925, defendant's building became ignited with fire causing an explosion of the blasting powder and

dynamite caps, which caused fire to be thrown onto plaintiff's building, and thus destroying said building and its contents to plaintiff's damage in the sum of $3,397.57. The petition alleged liability by reason of storing said explosives in defendant's building without securing a certificate from the Chief Mine Inspector, in violation of section 8926, C. O. S. 1921, and also that defendant was guilty of gross and willful negligence in the storing of said explosives in an open, vacant and unguarded building.

Defendant filed a general denial, and specifically denied that plaintiff's building, merchandise, and other property described in plaintiff's petition were burned as a result of or on account of explosives being stored in defendant's building nearby, and alleged that plaintiff's loss, if any, was purely accidental and without any fault on the part of defendant.

On the issues thus joined the cause was tried to a jury, and a verdict was returned in favor of plaintiff in the total sum of $1,340. Interrogatories were propounded to the jury as to the amount of damages assessed for each item. The jury assessed the damages in response to said interrogatories as follows: For loss of store building, $200; for loss of stock of merchandise, $800; for loss of post office cabinet and supplies, $40; for household, kitchen furniture, goods and utensils, $100; for loss of one Chevrolet automobile, $200.

Judgment having been duly rendered in conformity with said verdict and a motion for new trial overruled, defendant appealed.

The facts, as disclosed by the record, are substantially as follows: Plaintiff was engaged in the mercantile business in the town of Milton, which consisted of only three or four business houses. He operated his mercantile business and the post office in the same building, and had living quarters in the rear of said building. Defendant owned a building about 50 feet west of plaintiff's building, which had for some time been in a bad state of repair and used for storing hay; that a day or two prior to September 1, 1925, defendant stored a large quantity of blasting power and dynamite caps in the rear of his said building. On the night of September 1, 1925, defendant's building was ignited by fire and completely destroyed. The fire was in progress for a considerable time, and defendant's building was almost consumed before the power was ignited resulting in an explosion. When the explosion occurred fire was thrown onto plaintiff's build-

ing, and the same was destroyed in a short time. The evidence is conflicting as to whether plaintiff's building became ignited before the explosion or at the time of the explosion. All of plaintiff's stock of merchandise, post office equipment and supplies, household furnishings, and a used Chevrolet automobile were destroyed, except that certain household goods and merchandise were removed by the people who gathered at the fire, and estimated by the plaintiff as being of the value of $300.

Defendant first complains that the court committed error in admitting incompetent, irrelevant and immaterial testimony over defendant's objection. Several witnesses testified as to the value of various items of property destroyed by the fire, and it is to their qualification to give such testimony that defendant complains. It is conceded by counsel for defendant that the correct measure of damages for each item is its actual cash value at the time and place of destruction. We assume this to be the correct measure of damages as to each item without deciding the question. The only qualifications required of witnesses to give testimony as to the value of property destroyed in such cases, is that they must exhibit a fair knowledge of the property and its value about which they offer to testify at the time and place of its destruction. Fire Association of Philadelphia v. Farmers' Gin Company, 30 Okla. 162, 134 Pac. 443; St Louis, I. M. & S. Ry. Co. v. Weldon, 39 Okla. 369, 135 Pac. 8; Western Home Insurance Co. v. Richardson (Neb.) 58 N. W. 597; Graves v. Merchants' & Bankers' Insurance Co., 82 Iowa, 637, 31 A. S. R. 507.

The witnesses, who testified as to the value of the various items, qualified under the foregoing rule, except the testimony concerning the value of the automobile. It is true that they did not exhibit such knowledge as to the various items of property and their value as would entitle their testimony to much weight in the minds of the jury, but, as stated in Fire Association of Philadelphia v. Farmers' Gin Co., supra, the competency of witnesses in such cases is a question for the court while the value of their testimony is for the jury to determine.

The only evidence as to the value of the automobile was given by S. W. Roberts. He testified that he purchased the car in California in December, 1923; that he used it for a year and sold it to plaintiff in December, 1924, nine months prior to the fire. He stated that the car was in good condition at the time he sold it to plaintiff, but

that he did not know what condition it was in, or its value, at the time of the fire. Over the objection of defendant the witness was permitted to testify that at the time he sold the car to plaintiff it was worth $400. In this the court erred. It is true that the question of opinion evidence is addressed very largely to the sound discretion of the trial court, but the trial court will not be permitted to abuse its discretion to the prejudice of a party litigant. The witness showed very clearly that he was not qualified, under the simple rule above stated, to give evidence as to the value of the car at the time and place of destruction. This character of testimony is calculated to mislead the jury to the prejudice of the party against whom it is offered.

The next specification of error is directed at instructions Nos. 1, 2, and 3 given by the court and excepted to by the defendant. Plaintiff's petition alleged that defendant violated the provision of section 8926 by storing explosives in a nearby building without securing a certificate from the Chief Mine Inspector designating such building as a suitable place for such storage. A violation of this section is made an offense and punishable by a fine of not less than $50. nor more than $2,000. Section 8927, C. O. S. 1921, requires that one who desires to store explosives of a certain character shall give a bond in the sum of $15,000 to be approved by the Secretary of State. A violation of this section is also made an offense and punishable in the same manner as is provided with reference to the former section. No mention was made in plaintiff's petition of section 8927, or any of the provisions thereof, but the court instructed the jury by instructions Nos. 1, 2 and 3 of defendant's duties, as required by said section, and told the jury that if they should find from a preponderance of the evidence that defendant stored such explosives without giving the bond required, and that plaintiff suffered damages by reason of an explosion of said explosives, then they should find for plaintiff. These instructions are clearly erroneous since there was neither allegation in the petition nor proof in the trial of the case as to whether defendant gave the bond therein referred to. But from an examination of the entire record it appears that this error did not affect the substantial rights of defendant and was harmless. The proof was uncontradicted that defendant stored the explosives without obtaining the necessary certificate, as required by section 8926, and if the jury, under proper instructions, had found that plaintiff suffered damages by reason of the explosion occasioned in this manner, the jury would have

been required to return a verdict in favor of plaintiff as a matter of law. The giving of several other instructions to which defendant excepted is presented as error. We have examined these instructions and find no serious objection to them, except in so far as they relate to the objectionable instructions with which we have just dealt.

It is next contended that the trial court erred in refusing to give defendant's requested instructions Nos. 2, 3, 4, 5, 7, 9, 11, and 12. As to requested instructions Nos. 2 and 3 we see no merit in defendant's contention. These instructions are substantially covered by the general charge, and we fail to see that defendant's rights were prejudiced by the court's refusal to give them.

Defendant's requested instruction No. 4 is as follows:

"If you find from the evidence that the plaintiff's loss, if any, was caused by the burning of the building, and such loss was the proximate result of the burning of the building and not the explosion, and that plaintiff would have suffered the same loss if the explosion had not occurred, then the injury to plaintiff, if any, wou'd not be the proximate result of the explosion, and in such event your verdict would be for the defendant. Refused and defendant excepts. D. C. McCurtain, Judge."

It will be noticed at a glance that the question of whether plaintiff's property was destroyed by reason of the explosion was the principal issue in the case. Plaintiff alleged that the storing of the powder and the resulting explosion was the cause of the loss, and defendant specifically denied that the loss resulted from the explosion, but states that it was purely accidental. At the trial of the case defendant defended almost solely on the theory that plaintiff's building was on fire prior to the explosion of the powder, and would have been destroyed regardless of the explosion. This was defendant's theory of the case and was supported by the testimony of eight or ten witnesses. The general charge told the jury that negligence alone would not entitle plaintiff to recover unless it should be further shown by a preponderance of the evidence that the injury complained of by plaintiff resulted as a direct and proximate cause of the explosion of such gunpowder. And in one or two other places the court added the proviso that if the jury should find certain facts to exist, it should find for plaintiff provided it further found that plaintiff's property was destroyed as a direct and proximate result of the explosion. Where an issue is clearly defined by the pleadings and the proof de-

fendant is entitled to have specific instructions upon such issue presenting his theory or defense in accordance with the testimony offered when properly requested. Since this was the principal issue in the case, and defendant requested an instruction which squarely and clearly presented the issue under his theory, the instruction should have been given. The main charge tends to leave this issue out of view, and without a definition of "proximate cause," the jury might easily have been confused and overlooked the principal issue in the case. It is the duty of the court to submit by appropriate instructions the theory of the defense where the evidence tends to support the same, and failure to do so at the request of defendant constitutes prejudicial error. Atchison, T. & S. F. Ry. Co. v. Ridley, 119 Okla. 138, 249 Pac. 289; Klein v. Muhlhausen, 83 Okla. 21, 200 Pac. 436; Holmboe v. Neale, 69 Okla. 183, 171 Pac. 334; A., T. & S. F. Ry. Co. v. Jamison, 46 Okla. 609, 149 Pac. 195; Mountcastle v. Miller, 66 Okla. 40, 166 Pac. 1057; New v. Bradshaw, 89 Okla. 205 214 Pac. 557; Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 Pac. 934.

As to the other requested instructions, no good purpose could be served by considering them.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.

HERR, DIFFENDAFFER, LEACH, and FOSTER, Commissioners, concur. BENNETT, C., dissents.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. p. 580, §682 (Anno); 11 R. C. L. pp. 638, 639; 2 R. C. L. Supp. p. 1292; 5 R. C. L. Supp. p. 613. (2) 22 C. J. p. 190, §154 (3) 4 C. J. p. 1050, §3032; 38 Cyc. pp. 1626, 1703, 1704.