ATCHISON, T. & S. F. R. CO. v.
RALEIGH, Adm'r.

No. 31560. Dec. 5, 1944.

154 P. 2d 62.

Rainey, Flynn, Green & Anderson, of Oklahoma City, and Finis C. Gillespie, of Hobart, for plaintiff in error.

Gomer Smith, of Oklahoma City, for defendant in error.

DAVISON, J. This is an action for damages for the wrongful death of James N. Moon, a taxicab driver. Mr. Moon was 56 years of age and had a life expectancy of 16.5 years. He earned about $75 per month as such taxicab driver and an additional $50 per month in making small loans, a total earning capacity of about $125 per month.

The accident occurred at Norman, Okla., at 11:45 p.m., July 5, 1941, where the railway track crosses Main street. The railway runs north and south at the point and Main street crosses it east and west. The railway depot is about one block south of the intersection on the east side of the track. At the point of intersection the railway company had installed a system of signals which were supposed to be set in motion by an approaching train.

Mr. Moon stopped at a small restaurant just west of the intersection immediately before the collision. He then left the restaurant and the collision occurred, resulting in his death. According to the testimony produced in his behalf the train did not whistle or sound any other warning and the system of signals at the intersection was not working.

The alleged failure of the defendant railway company to sound a warning to approaching vehicles is the negligence upon which the verdict and judgment rests.

In presenting the cause to this court for review the railway company asserts that the jury was not properly instructed. It points to 24 instructions requested by it but refused by the trial court and asserts that the refusal of the trial court to instruct as requested constituted reversible error.

The requested instructions cover many phases of the case, but in general the ground was covered by the instructions of the court which were given.

Particular complaint is based upon the instruction of the trial court which said in substance that the defendant railway must ring the bell and sound the whistle 80 rods before reaching the crossing. The defendant company says that under the law of this state it must either sound the whistle or ring the engine bell but is not required by law to do both. On this point our attention is directed to 66 O. S. 1941 §126, which makes the requirement in the alternative rather than the conjunctive. The statute reads:

"A bell of at least thirty pounds weight, or a steam whistle, shall be

placed on each locomotive engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said railroad shall cross any other road or street, under a penalty of fifty dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer, and the other half to the State, and shall also be liable for all damages which shall be sustained by any person by reason of such neglect."

In Missouri, K. & T. Ry. Co. v. Raines, 59 Okla. 52, 158 P. 936, it was pointed out by this court that railway companies were not required to sound both the bell and the whistle. However, in the case of Missouri, O. & G. Ry. Co. v. Parker, 50 Okla. 491, 151 P. 325, the conjunction "and" was used instead of "or" and the error was declared harmless. In the last-cited case we said:

"The defendant next complains of the instruction wherein the court was instructing the jury upon the statute relative to the duty of the defendant to either ring its bell or blow the whistle 80 rods from all crossings, wherein the court said it was the duty of the defendant under such conditions to ring the bell 'and' blow the whistle.

"It will be conceded, without argument, that the court should have instructed the jury that defendant's duty was to ring the bell 'or' blow the whistle. The statute does not require both the ringing the bell and blowing the whistle, and in this particular the court was in error. But will any one say that it was prejudicial error? Common sense should enter into the decision on such propositions as this and govern when reason points but one way. Even though the court has inadvertently used 'and' where he should have used 'or,' would it be possible to find a juror in the state who for a moment would be misled thereby and conceive it to be the duty of the defendant both to ring the bell and blow the whistle? The question answers itself. No harm results from the error, and, if this court should make a practice to reverse cases on such technical objections, it would be truly difficult to find a case that could stand the test. Besides, 'and' is often used for 'or,' and it takes no strained construction to see that intent here."

Upon authority of Missouri, O. & G. Ry. Co. v. Parker, supra, we hold the error harmless.

Defendant also complains of the refusal of the trial court to give its requested instruction No. 25. Defendant says:

"We also urge that defendant's requested instruction No. 25 should have been given, and that because the purport of said instruction was not contained in the court's instructions, its refusal together with the refusal of the many other requested instructions, constitutes reversible error. Said instruction reads as follows: 'The Court further instructs you that damages cannot be awarded the plaintiff for the loss to the widow and minor son of the affection, society, or association of their deceased husband and father.' "

The instruction as requested was covered in the instructions given by the trial court. In its instruction No. 11 the trial court advised the jury:

". . . you are instructed that you will not allow anything for the grief or mental suffering of the wife or of the minor child, arising from the death of the deceased, as that constitutes no part of the recoverable damage in this case. . . ."

In the case of Muskogee Electric Traction Co. v. Richards, 97 Okla. 61, 222 P. 265, it was said by this court in paragraph 3 of the syllabus:

"In an action for damages by wrongful death, where the court instructs the jury that in arriving at the plaintiff's damages, if any, they may consider also the loss of the society, aid, and comfort which the next of kin has sustained by reason of the wrongful death, and in same connection warns the jury that they should only award pecuniary loss, if any, and the verdict returned is not excessive and sustained by the evidence, the error is harmless.

"Although an instruction given may mistake the law, if others are given which, when taken together with the improper one, make it apparent that the jury was not misled thereby, the same will not constitute reversible error. . . ."

And in the opinion in that case we stated:

"But a comparison of the language complained of and its connections with the instructions in the cases cited will show that there is a very wide difference. The court, in the instruction complained of, while telling the jury that in arriving at plaintiff's damages they may consider also the loss of the society, aid, and comfort, which the mother has sustained by reason of her son's death, and without any break in the language except a comma, warns them that they cannot allow her damages for anything but pecuniary loss. The court also tells them in the beginning of this paragraph that the plaintiff can recover only for pecuniary loss. If the language is erroneous, taking it in its connection where the court speaks in plain language telling the jury that plaintiff cannot recover for any loss except pecuniary loss, it could be only harmless error. . . .

"We do not think the jury could have been misled by these instructions, and, without it is made to appear from the record that the instructions complained of possibly caused a miscarriage of justice, a reversal of the cause will not be ordered."

The subject matter of the requested instruction was covered in the instructions given by the trial court. No error was committed.

The defendant railway also complains of the refusal of the trial court to give its requested instruction No. 7, which reads:

"You are instructed that negligence is never presumed against the defendant, but on the other hand, must be established to your satisfaction by a fair preponderance of the evidence; and in this connection, you are further instructed that mere proof of the happening of the accident, resulting in injury and death, is not of itself any proof whatsoever of negligence upon the part of the defendant."

Our attention is called to New v. Bradshaw, 89 Okla. 205, 214 P. 557; Atchison, Topeka & Santa Fe Railway Co. v. Phillips et al., 158 Okla. 141, 12 P. 2d 908; Fisher v. Kansas City, M. & O. Ry. Co., 169 Okla. 282, 36 P. 2d 744; Missouri Pacific Ry. Co. et al. v. Gordon, Adm'x, 186 Okla. 424, 98 P. 2d 39.

Plaintiff agrees that the requested instruction accurately states the substantive law, but points out that neither of the cases dealt with a requested instruction of the point. Let us analyze.

Defendant says that the trial court did not "explain that negligence cannot be presumed or advise that the mere proof of the happening of an accident resulting in injury or death is not of itself any proof of defendant's negligence."

In its instruction No. 1 the trial court did advise that:

"The burden of proof is upon the plaintiff in this case to prove every material allegation in his petition and before he is entitled to recover he must satisfy you by a preponderance of the evidence of the negligence and carelessness therein charged. . . ."

It is apparent that the trial court placed the burden of proof on the plaintiff and required him to establish the negligence of which he complained. The error, if any, in refusing to give requested instruction No. 7 was harmless.

Defendant also complains of the refusal of the trial court to give its requested instruction No. 9, which reads:

"The court instructs you that it was the duty of the said James N. Moon to operate his taxicab at a reasonable rate of speed consistent with safety to himself and his passenger, and taking into consideration the width and use of the street upon which he was traveling, and the traffic thereon, and to keep his vehicle under control so as not to endanger himself or others."

In support of this requested instruction defendant cites New v. Bradshaw, supra; Pate v. Smith, 128 Okla. 29, 261 P. 189, and Williams v. Otis, 155 Okla. 173, 8 P. 2d 728.

On the question of contributory negligence the jury was advised:

"You are instructed that even though you find from the evidence that the

defendant was guilty of one or all of the acts of negligence charged in the plaintiff's petition, still you are instructed that if you find from the evidence that the deceased, James N. Moon, by the use of ordinary care, such as defined to you in these instructions, could have seen or heard the approaching train in time to have avoided the accident, or with the use of any other care such as an ordinary prudent person would have exercised under the same or similar circumstances could have avoided said accident, but failed to do so, then you are instructed that your verdict must be for the defendant."

The error of the trial court, if any, in refusing to give defendant's requested instruction No. 9 was harmless.

Defendant also complains of the refusal of the trial court to give its requested instruction No. 13, which reads:

"You are instructed that where a railroad track and a public highway cross each other upon the same lever or grade, the railroad company and the traveling public each has the right to use said crossing, but the rights of each must necessarily depend upon the relative rights of the other, and in this connection you are further instructed that by the very nature of a railroad train, its weight and the speed at which it is required to be operated, it is not supposed or required that the train will be stopped in approaching public highway crossings and allow a traveler upon the highway to cross over first but, on the other hand, by the very nature of things the railroad train has the right-of-way at such crossings, and the traveler is not only supposed to, but is required to wait and allow the train to pass over said crossing first; and, while it is the duty of persons operating a railroad train to give warning of the approach of the train to the crossing, and to exercise such ordinary care as a reasonably prudent person engaged in the same business and under the same or similar circumstances would use to avoid accidents at such crossing, it is no less the duty of the traveling public to exercise such care as a reasonably prudent person would exercise under the same or similar circumstances for his own safety and protection. In this connection you are further instructed that it is the duty of a traveler upon a street or highway,

in approaching a railroad crossing, to make diligent use of his senses of seeing and hearing, and he is required to look and listen attentively to determine whether or not a train may be approaching such crossing, and if he fails to do so he would then be guilty of contributory negligence and in the event of an accident cannot recover damages therefor."

In support of this instruction it cites Missouri, K. & T. Ry. Co. v. Horton, 28 Okla. 815, 119 P. 233; Atlantic Coast Line R. Co. v. Watkins, 97 Fla. 350, 121 So. 95; Elliott on Railroads (3d Ed.) vol. 3, § 1646; Franklin & P. Ry. Co. v. Shoemaker's Committee, 156 Va. 619, 159 S.E. 100; Whiffin v. Union Pac. R. Co., 60 Idaho, 141, 89 P. 2d 540; Humphrey v. Atchison, T. & S. F. Ry. Co. 50 Ariz. 167, 70 P. 2d 319; Lenning v. Des Moines, C. I. R. R., 209 Iowa, 890, 227 N.W. 828.

Plaintiff asserts that the subject matter of defendant's requested instruction was covered by the trial court in its instruction No. 7, which reads:

"You are instructed that a railway track crossing a public highway is of itself a warning of danger, and one intending to cross the track must exercise ordinary care and diligence to look and listen for an approaching train; and if he fails to do so and the jury finds that such failure is contributory negligence which proximately contributed to the injury and damage complained of, then the plaintiff cannot recover and your verdict would be for the defendant."

We entertain the view that the instruction given satisfies the, requirement of the law.

Defendant complains of the refusal of the trial court to give its requested instruction No. 16, which reads:

"You are instructed that it is the duty of a person about to cross a railroad track to make vigilant use of his senses in order to ascertain if there is a train approaching, and it was the duty of the driver of the automobile on approaching the track to look and listen for approaching trains before attempting to cross said track, and it was his duty to

keep his faculties in active exercise, and not permit his attention to be diverted from the danger before him, and this duty rested upon him with respect to the track which he was attempting to cross at the time the car was struck by one of the defendant's trains."

Defendant cites Hines v. Dean, 96 Okla. 107, 220 P. 860; St. Louis-San Francisco R. Co. v. Tyler, 107 Okla. 240, 232 P. 414; Wilson v. St. Louis-S. F. Ry. Co. et al., 141 Okla. 108, 283 P. 999.

Plaintiff calls our attention to St. Louis-San Francisco R. Co. v. Tyler, supra, wherein this same instruction was requested and refused on the theory that the subject matter thereof was covered in the instructions given. We said:

"The plaintiff does not contend that the above instruction does not correctly state the law, but insists that it was properly refused, because the proposition of law contained in the requested instruction was fully covered by the court's general charge.

". . . The general instruction given by the court does not state the duty which the law imposes on a person about to cross a railroad track."

Plaintiff redirects our attention to instruction No. 7 given by the trial court and asserts the point was adequately covered at the trial. We agree.

An examination of the instructions given by the trial court discloses that the issues presented by the pleadings were covered in a satisfactory manner. We do not find prejudicial error in the refusal of the trial court to give the requested instructions.

The judgment of the trial court is affirmed.

All concur.