383 P.2d 876 (1963)
Lydia MOORE, Plaintiff in Error,
v.
Lottie LEDBETTER, Defendant in Error.
No. 40124.
Supreme Court of Oklahoma.
July 16, 1963.
Pierce, Mock, Duncan, Couch & Hendrickson, by Donald F. Gust, Oklahoma City, for plaintiff in error.
Stevenson, Huser & Huser, by O.S. Huser, Holdenville, for defendant in error.
*877 BLACKBIRD, Chief Justice.
Defendant in error, hereinafter referred to as plaintiff, was injured when she fell out of the open right door of a Ford pickup truck driven by plaintiff in error, hereinafter referred to as defendant, and landed on the driveway at defendant's home. On the day of the accident, there was a light rain falling, and plaintiff had accepted the ride defendant offered her when her truck overtook plaintiff while she was walking east on Holdenville's Main Street toward her home. After picking up plaintiff in the truck, defendant drove it farther east on said Main Street, and, it was when the truck arrived in front of defendant's home (which was on the north side of said Street) and turned left going into the driveway, that the truck's right door swung open, whereupon plaintiff fell out.
In this action, plaintiff thereafter instituted against defendant to recover the sum of $10,000 in damages on account of her personal injuries from the fall, plaintiff obtained a verdict and judgment in the sum of $5,000. Defendant thereafter perfected the present appeal.
Defendant's only argument for reversal, now properly before this court, is that the trial court erred in overruling the motion for a directed verdict, which she interposed at the close of all of the evidence. In support of her position, defendant contends that the evidence was insufficient to show that she was negligent in the following particulars alleged by plaintiff:
"A. That the right front door of said pickup truck was faulty in that it did not close securely so that it would remain closed while said pickup truck was in motion and particularly when same was making a left turn.
"B. That the defendant failed and neglected to slow said vehicle down to a speed to enable her to make said left turn with due caution, care and safety.

*878 "C. That said defendant carelessly and negligently drove said motor vehicle and made said left turn in such a manner as to throw the body of plaintiff against the said door, forcing same open and throwing plaintiff to the pavement.
"D. Defendant made said left turn unexpectedly and without warning to plaintiff."
On the question of whether or not defendant turned the car to the left into her driveway, when plaintiff was not expecting it, the evidence showed that defendant had frequently, in the past, given plaintiff rides toward her home in one or more of her family's motor vehicles, and that sometimes the rides ended in her driveway and plaintiff would then walk the short distance from there to her home. The testimony also showed, however, that sometimes, instead of stopping the car at her home, defendant would first drive plaintiff all the way to her home. Although defendant's testimony indicated that, on the day in question, she was in too much of a hurry getting home to permit of driving to plaintiff's residence first, we think the evidence, as a whole, was such that the jury was warranted in concluding that defendant did not apprise plaintiff of her haste to get home, and that, in consequence of this and of the condition of the weather, plaintiff did not anticipate that defendant would turn the truck to the left, as she did, in front of her home, rather than transporting her on to plaintiff's home.
Most of defendant's argument deals with alleged deficiencies in plaintiff's proof that defendant was negligent in turning the truck to the left, as she did, with no warning or precaution against plaintiff's falling out at the defective door. In one sentence defendant says that: "* * * One who invites another to ride in his automobile is not bound to furnish a vehicle free from defects." In her next sentence, however, she impliedly admits that the foregoing statements is not true, if the auto operator knows of such defect. She further contends, however, that, in this case, there was no evidence that defendant knew that the door on the side of the truck's cab, where plaintiff was riding, was defective. We do not agree. On cross examination, defendant admitted that there had been "trouble" with that door before the day of the accident, and, though she maintained that the trouble was that the door was hard to close (rather than coming open) and that it had been fixed, we cannot say that a jury conclusion, from other testimony, that the door had been coming open on its own accord, and without being unlatched, previous to the day of the accident, was an unreasonable and unwarranted one. At one place in her cross examination, defendant testified as follows:
"Q. Now you've said the door came open just driving along ten or fifteen miles an hour, just driving along down the street but it just fall  just go over six or eight inches and pull it back when you're driving straight, wouldn't it?
"A. That's right."
In attempting to convince her listeners that the door did not fly open at any time between the place at which she picked up plaintiff, and her home, defendant testified:
"Q. Well, I know it didn't `cause we was goin' upgrade goin' out East Main, I know it didn't come open, `cause that's a-goin' upgrade."
We think the jury was in a better position than we to determine the validity of determining from defendant's rather equivocal testimony whether or not the truck door had, to defendant's knowledge, repeatedly and previous to the day of the accident, been coming open, or standing ajar, when the truck was not traveling upgrade. The cases of Herrin's Adm'x v. Jackson, (Ky.) 265 S.W.2d 775, Newton v. Wetherby's Adm'x, 287 Ky. 400, 153 S.W. 2d 947, and Huebner v. Fischer, 232 Wis. 600, 288 N.W. 254, cited by defendant, do not demonstrate that she owed no duty to plaintiff, as her guest passenger, to have warned her of the door's tendency to come *879 open, if she was acquainted with said defect, or to have made the turn to the left at a slower rate of speed, or to have taken other precautions against plaintiff's falling out of the truck cab, due to its door swinging open; and defendant makes no contention that the evidence was insufficient to show that the happening of one of these events was the proximate cause of the happening of the other. In Thompson v. Hertz Corp., Okl., 366 P.2d 752, 754, we said:
"In Garner v. Myers, Okl., 318 P.2d 410, 415, this court said that where the standard of human conduct by which the parties' negligence, or their lack of it, is not fully prescribed by law, the determination of the matter must be left to the jury."
In the Thompson case, supra, we then quoted from Schulz v. Pennsylvania R.R. Co., 350 U.S. 523, 76 S.Ct. 608, 610, 100 L.Ed. 668, 671, in which it was demonstrated that under our system of jurisprudence it is for the trier of fact to select from the conflicting inferences, that may be drawn from evidence, those which are compatible with common sense and reasonable prudence. In Chickasha Cotton Oil Co. v. Hancock, Okl., 306 P.2d 330, 334, we quoted the following from Swift & Co. v. Morgan & Sturdivant, 5 Cir., 214 F.2d 115, 116, 49 A.L.R.2d 924:
"On a motion for a directed verdict, it is the duty of the court to accept as true all the facts which the evidence tends to prove, and draw against the party making the motion all reasonable inferences most favorable to the party opposing the motion, and if the evidence is of such a character that reasonable men in an impartial exercise of their judgment may reach different conclusions, then the case should be submitted to the jury."
And, in Missouri-Kansas-Texas R. Co. v. Jones, Okl., 354 P.2d 415, we demonstrated that in passing upon a defendant's motion for a directed verdict, the trial judge should overrule the motion, unless, on the basis of the evidence and the reasonable inferences therefrom, most favorable to the plaintiff, he can correctly say that all reasonable men would agree that defendant was not negligent.
As we cannot say that the quoted excerpts from defendant's cross-examination are not reasonably subject to more than one interpretation and to the drawing of the inferences hereinbefore suggested, we are not convinced, upon application of the principles above referred to, that the trial judge erred in overruling defendant's motion for directed verdict. We therefore hold that his said ruling was not error or cause for reversal. The judgment of the trial court is therefore affirmed.