Mary Martha FEDERER, a minor, by and through her father and next friend, M. J. Federer, Plaintiff in Error,

v.

Susan DAVIS, Defendant in Error.

No. 41172.

Supreme Court of Oklahoma.

Oct. 10, 1967.

⌐. Baker & Baker, Tulsa, for plaintiff in error.

. . Alfred B. Knight, Tulsa, for defendant in error.

BLACKBIRD, Justice.

This appeal involves an action for damages commenced by plaintiff in error, as plaintiff, against defendant in error, as defendant, to recover damages on account of defendant's injuring plaintiff by pushing her head down on the spigot of a drinking fountain, while plaintiff was drinking from the fountain in one of the corridors of Eli Whitney Junior High School in Tulsa, where the two girls were classmates.

Said plaintiff's petition alleged, among other things, that defendant thereby committed an assault and battery and that the allegedly wrongful act occurred during the school's lunch period, after she had become "engaged in an altercation and mischevious fisticuffs and horse play in the general area" of the water fountain, and she "and other students were pushing and scuffling, and that in their scuffles the defendant pushed the plaintiff's head into the spigot * * *". The only physical disability plaintiff alleged she suffered directly from defendant's act was that one corner of a tooth was "chipped and broken away."

. Defendant's answer to plaintiff's petition consisted of a general denial, special denials that she was guilty of an assault and battery, or any negligence, and a plea that "the accident and injuries complained of were the result of an inevitable and unavoidable accident * * *".

After the issues were joined by the filing of plaintiff's reply, the case was tried before a jury, which returned a verdict for the defendant. A general judgment was thereafter entered in accord with the verdict, and, after her motion for a new trial was overruled, plaintiff lodged the present appeal on original record.

Our continued reference to the parties will be by their trial court designations.

For reversal of the judgment she appealed from, plaintiff presents two propositions. Under the first one, she complains of alleged error in the trial court's overruling of her motion for a directed verdict. Plaintiff's theory seems to be that the trial court erred in refusing to direct a verdict in her favor because the evidence, as to the circumstances surrounding her injuries, was undisputed, and did not show that plaintiff had ever participated in any "horse play" with defendant, or any of her school mates, who were gathered around the fountain or in the school corridor at the time defendant pushed her mouth down on the water spigot. Plaintiff's counsel hypothesize from this, and the fact that defendant did not plead "assumption of risk" (which they say "is the legal appellation of 'horseplay'") and that the evidence did not establish "unavoidable accident", that there was no defense to the action, that it "must be conceded that * * * defendant was negligent, and that the result of * * * (defendant's) conduct was a clearly foreseeable event." In this connection, notice 52 Am.Jur., "Torts", sec. 90, and 65A C.J.S. Negligence § 174(4) to (6), inclusive.

██ We do not agree that such argument shows no justification for the trial court's submission of the case to the jury. We have held that where the standard of defendant's care is not fixed by law in a particular situation, and conflicting inferences as to whether he or she was guilty of negligence might reasonably be drawn, then the trial court commits no error in submitting the case to the jury for the determination of that issue, even though

the facts are undisputed. See Moore v. Ledbetter, Okl., 383 P.2d 876, 879, Southwestern Bell Tel. Co. v. Martin, Okl., 370 P.2d 840, 844, and Thompson v. Hertz Corporation, Okl., 366 P.2d 752, 754.

■■■ According to her undisputed testimony, defendant was only twelve years of age when plaintiff's injury occurred on September 26, 1963. Plaintiff's brief concedes that, according to the evidence, "defendant intended no harm to the plaintiff"; and we take it that plaintiff no longer claims that defendant was guilty of any intentional wrong or assault and battery. But recognizing, as plaintiff suggests, that defendant, though a minor when plaintiff's injury occurred, was civilly liable for her negligence (in this connection notice Tit. 15 O.S.1961, §§ 25 and 26) the only standard of care the law fixes for determining such a party's negligence, or lack of it, in a children's activity (as distinguished from an adult activity) is that degree of care exercised by children of like age, mental capacity, and experience. And such standard can ordinarily be applied in any given case only by the trier of the facts, which, in this case, was the jury. As authority for these statements, see Baxter v. Fugett, Okl., 425 P.2d 462, and compare with other cases cited therein at p. 464 of the Pac. Reporter; Kuhns v. Brugger, 390 Pa. 331, 135 A.2d 395, 68 A.L.R.2d 761; Singer v. Marx, 144 Cal.App.2d 637, 301 P.2d 440; Ellis v. D'Angelo, 116 Cal.App.2d 310, 253 P.2d 675; and other cases cited and discussed in the Annotation at 67 A.L.R.2d 570, 576 ff. As said in the Ellis Case, supra (p. 677):

"* * * as between a battery and negligent injury an infant may have the capacity to intend the violent contact which is essential to the commission of battery when the same infant would be incapable of realizing that his heedless conduct might foreseeably lead to injury to another which is the essential capacity of mind to create liability for negligence."

See also 27 Am.Jur., "Infants", § 90. As it was encumbent, under the above authorities, for the trial court to submit this case to the jury for the purpose—if no other—of determining whether or not defendant was negligent, under the circumstances, in pushing plaintiff's head down on the water faucet (as she admittedly did) it is immaterial whether such action was correct from the standpoints mentioned in plaintiff's hereinbefore described argument.

Under her Proposition Two, plaintiff complains of the trial court's giving of its instruction numbered "8", in which the jury was told, among other things, that:

"* * * if the plaintiff did voluntarily participate in the 'horseplay', to-wit: Pushing the head of the defendant into the water fountain, then the defendant would have the right to retaliate in kind. If you find that the plaintiff did not actively participate in pushing the defendant's head into the water fountain, but that she did aid, encourage, or abet another person to do this act, then the plaintiff could not recover from the defendant. * * '*'"

■■■ Plaintiff's counsel say that the quoted part of the above instruction was not only an incorrect statement of the law, but that there was no evidence to warrant giving it, as the uncontradicted evidence revealed that plaintiff had never engaged in the horse play referred to or even been a witness thereto. Conceding the correctness of counsel's statement as to the absence of any evidence that defendant had ever engaged in any such horse play, their argument fails to show that the trial court's giving of its Instruction No. 8 prejudiced their client in any way. See Bottoms v. Botts, Okl., 349 P.2d 653, and St. Louis-San Francisco Ry. Co. v. Withers, Okl., 270 P.2d 341. In the latter case, this court said:

"* * *

"Obviously the '80 rod' provision was not applicable to this case because the locomotive or train had not traveled

that far from its starting point when it reached the crossing. And, because this fact was so obvious and undisputed, and, in the instruction itself, it was not made positively applicable, we cannot believe the jury was mislead by it. As said in Missouri, O. & G. R. Co. v. Parker, 50 Okl. 491, 151 P. 325, 328, quoted and followed in Atchison, T. & S. F. Ry. Co. v. Raleigh, 194 Okl. 589, 154 P.2d 62: 'Common sense should enter into the decision on such propositions as this and govern when reason points but one way.' Judgments based on verdicts are not reversed for abstract, technical and ineffective errors in particular instructions; and in determining whether the error complained of is of such character, the evidence and the instructions as a whole may be proper subjects of scrutiny.

\* \* \* \* \* \*

As there is nothing to indicate that the jury's verdict lacked sufficient evidentiary support as to defendant's negligence, irrespective of its noncompliance with the '80 rod' statute, or that said verdict would have been any different had Instruction No. 12 contained no reference to such statutory provision, we must hold that such reference, if error, was harmless under the circumstances here, and insufficient cause for reversal. See Reinhart & Donovan Co. v. Williamson, 191 Okl. 539, 131 P.2d 765. \* \* \* "

Similarly, we have concluded in the present case that since there was no evidence that plaintiff had engaged in horse play, such as referred to in her petition, and, for that reason, the quoted part of the trial court's Instruction No. 8 was obviously not applicable to this case, it must be presumed that the members of the jury recognized this, and reached their verdict, unaffected by that objectionable part of said instruction. As already indicated, it was the prerogative of the jury to determine, on the basis of the evidence, including her age, that defendant did not foresee that in her playful, or practical-joke, pushing of plaintiff's head down on the water faucet, any physical injury would result; and we cannot say that such a conclusion lacks sufficient support in the evidence. It is difficult to believe that the verdict and judgment would have been any different than it was if the objectionable part of the court's Instruction No. 8 had not been given. As, in view of the foregoing, there is no showing of the prejudice necessary to obtain reversal on account of the error in Instruction No. 8, we hold that said error was harmless under the circumstances.

The judgment of the trial court is hereby affirmed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BERRY, HODGES and LAVENDER, JJ., concur.

McINERNEY, J., dissents.